# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KEITH RUSSELL JUDD,**

        Petitioner,

   -vs-

**Case No. 10-C-708**

**HARLEY G. LAPPIN, Director,**
**Federal Bureau of Prisons,**
**Attorney General of New Mexico, et al.,**

        Respondents.

## DECISION AND ORDER

On August 20, the Court dismissed this habeas action filed under 28 U.S.C. § 2254 by Keith Russell Judd ("Judd") because it was filed in the wrong jurisdiction. The Court also found that transfer to an appropriate jurisdiction was not in the interests of justice in light of filing restrictions imposed against Judd in the 10th Circuit. 28 U.S.C. § 1631. Judd now moves for reconsideration and to transfer this case to the United States Supreme Court or the Eastern District of Texas. Judd also attempts to re-characterize this action as one under 28 U.S.C. § 2241.

Judd now claims that if the Court dismisses instead of transferring to the appropriate jurisdiction, his action will be time-barred. This begs the question: why file here in the first instance? Judd is incarcerated in Texas but is attempting to pre-emptively challenge a stayed judgment arising in New Mexico. "Prisoners under penal obligations to two jurisdictions may seek collateral relief from both, for a writ of habeas corpus issued against either custodian may well abbreviate the petitioner's stay in custody." *Al-Marri v. Rumsfeld*, 360 F.3d 707, 711 (7th Cir.

2004). If Judd was confused about where to pursue habeas relief, the correct answer could never be Wisconsin. It appears that Judd randomly chose a separate judicial district that is not familiar with his history of abusive litigation tactics. *Judd v. Univ. of New Mexico*, 204 F.3d 1041 (10th Cir. 2000); *Judd v. Winn*, 81 Fed. Appx. 479 (5th Cir. 2003). Therefore, transfer is not in the interest of justice because it would perpetuate Judd's waste of judicial resources.

More specifically, transfer is not in the interest of justice because Judd's petition is without merit. *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) (court can "take a peek at the merits" to decide whether to transfer or dismiss). Judd claims that he received ineffective assistance of counsel when attempting to exhaust his unexhausted claims in New Mexico state court. *Judd v. Dantis*, 203 F.3d 835 (10th Cir. 2000) (directing district court to dismiss without prejudice to allow Judd to exhaust claims in state court). However, the "ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). There is "no reason to raise false hopes and waste judicial resources by transferring a case that is clearly doomed . . ." *Phillips*, 173 F.3d at 610.

**IT IS HEREBY ORDERED THAT** Judd's motions to reconsider and to transfer [D. 6, 11] are **DENIED**. All other motions [D. 7, 9] are **DENIED**.

Dated at Milwaukee, Wisconsin, this 28th day of September, 2010.

        SO ORDERED,

        *s/ Rudolph T. Randa*
        **HON. RUDOLPH T. RANDA**
        **U.S. District Judge**